SEALED

J. Bryan Quesenberry (UT 9156)
2750 SW Coast Ave.
Lincoln City, OR 97367
801-473-9951
jbq.esq@gmail.com
*Plaintiff/Relator*



**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex rel</u>.<br>J. BRYAN QUESENBERRY,<br><br>　　　Plaintiff,<br><br>vs.<br><br>MARICOPA COUNTY<br>COMMUNITY COLLEGE<br>DISTRICT,<br><br>　　　Defendant. | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**<br><br>**(Filed in camera and under seal)**<br>**(DO NOT PLACE ON PACER)**<br><br>JURY TRIAL DEMANDED<br><br>Civil Action No. **CV23-01864-PHX-MTL** |

Plaintiff-Relator J. Bryan Quesenberry, a licensed attorney acting *pro se* on behalf of the United States of America (the **"Government"** or the **"Federal Government"**) and against Defendant, alleges, based upon personal knowledge, relevant documents, information, and belief, as follows.

**<u>INTRODUCTION AND HISTORY OF THE FALSE CLAIMS ACT</u>**

1.　This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records,

statements, and claims made and caused to be made by Defendant and/or its agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq*. **("FCA")**.

2.      This action seeks to recover approximately $590,000 wrongfully loaned to Defendant through the Federal Government's Payroll Protection Program **("PPP")**. The PPP provides a pathway to borrowers to receive forgiveness of these loans.

3.      Defendant was an ineligible government-owned entity and thus not entitled to PPP funds.

4.      Pursuant to the PPP, the Federal Government spent hundreds of billions of dollars in stimulus funding, as well as other federal funding, to support and aid legitimate businesses through the coronavirus pandemic.

5.      The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Federal Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Federal Government without fear of reprisals or inaction, and enable

2

the use of private legal resources to prosecute fraud claims on the Federal

Government's behalf.

6.      The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to

be presented, a false or fraudulent claim for payment or approval; and (2)

knowingly making or using, or causing to be made or used, a false or fraudulent

record or statement material to a false or fraudulent claim. 31 U.S.C. §§

3729(a)(1)(A), (B). Anyone who violates the FCA is liable for a civil penalty for

each such claim, **plus three times the amount of the damages** sustained by the

Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties

Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

7.      In 2009, Congress amended the FCA to clarify that a "claim" includes

"any request or demand, whether under a contract or otherwise, for money or

property and whether or not the United States has title to the money or property

that (i) is presented to an officer, employee, or agent of the United States; or (ii) is

made to a contractor, grantee, or other recipient, if the money or property is to be

spent or used on the Government's behalf or to advance a Government program or

interest…" 31 U.S.C. § 3729(b)(2).

8.      The FCA allows any person having information about an FCA

violation to bring an action for himself and the Federal Government, and to share

in any recovery. The FCA requires that the complaint be filed under seal for a

minimum of 60 days (without service on Defendant during that time) to allow the Federal Government time to conduct its own investigation and to determine whether to join the suit.

9.     Based on the foregoing laws, *qui tam* Plaintiff/Relator seeks through this action to recover all available damages, civil penalties, and other relief for the violations alleged herein in every jurisdiction to which Defendant's misconduct has extended.

## PARTIES

10.     Plaintiff/Relator J. Bryan Quesenberry **("Relator")** is a resident of Oregon. He is an attorney licensed to practice law in Utah and brings this action on behalf of the United States of America, the real party in interest.

11.     Defendant Maricopa County Community College District **("Defendant")** is a government entity that runs a community college system in Maricopa County, Arizona. For example, Defendant is governed by an elected board according to its website: "The Maricopa County Community College District's Governing Board has seven seats, including five elected positions from geographical districts within Maricopa County and two at-large positions representing the entire county. Board members serve staggered four-year terms." See, https://www.maricopa.edu/about/governing-board.

12.     The Defendant applied and was approved for a first-round PPP loan on March 12, 2021 (loan number 1189178602) in the amount of $590,000, received said PPP loan, and had said PPP loan forgiven on May 4, 2022, in the amount of $596,649.

13.     Defendant received its PPP loan from JPMorgan Chase Bank.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no longer jurisdictional after the 2009 amendments to the FCA, upon information and belief there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02.

15.     Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Relator researched and discovered the pertinent entity information and individual information of Defendant.

16.     This Court has personal jurisdiction over Defendant pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and

because Defendant is a government entity located in the District of Arizona as alleged above.

17.    Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendant is a government entity located in the District of Arizona, and because violations of 31 U.S.C. §§ 3729 *et seq*. alleged herein occurred within this district.

## THE PAYCHECK PROTECTION PROGRAM

18.    Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act **("CARES Act")**. Section 1102 contained a new program called the Paycheck Protection Program **("PPP")** and was part of the U.S. Small Business Administration's **("SBA")** 7(a) Loan Program. These two sections were intended to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration issued by President Trump on March 13, 2020.

19.    Due to the COVID-19 emergency, many small businesses nationwide were experiencing economic hardship as a direct result of the Federal, State, and local public health measures that were being taken to minimize the public's exposure to the coronavirus.

20.    The SBA received funding and authority through the CARES Act to modify existing loan programs and establish the new PPP loan program to assist small businesses nationwide adversely impacted by the coronavirus pandemic.

21.    Section 1102 of the Act temporarily permitted SBA to guarantee 100% of 7(a) loans under the PPP. Section 1106 of the CARES Act provided for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

22.    The CARES Act was intended to provide relief to America's small businesses expeditiously.

23.    The CARES Act gave lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness. Lenders were held harmless for borrowers' failures to comply with PPP rules.

24.    Defendant submitted documentation attempting to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, and income and expenses documentation.

25.    In general, Defendant calculated an amount to borrow by aggregating payroll costs from the previous 12 months for employees whose principal place of

7

residence was the United States. Annual employee salaries were capped at

$100,000. Defendant then calculated the average monthly payroll cost and

multiplied that amount by a factor of 2.5.

26.     On the PPP application, a representative of Defendant had to certify in

good faith to a number of representations to the Federal Government. The second

bullet point under the CERTIFICATIONS AND AUTHORIZATIONS section on

the PPP loan application states:

> ***The Applicant is eligible to receive a loan*** under the rules in effect at the
> time this application is submitted that have been issued by the Small
> Business Administration (SBA) implementing the Paycheck Protection
> Program under Division A, Title I of the Coronavirus Aid, Relief, and
> Economic Security Act (CARES Act) (the Paycheck Protection Program
> Rule). [Emphasis added].

27.     Another certification on the application states, "Current economic

uncertainty makes this loan request necessary to support the ongoing operations of

the Applicant."

28.     Defendant also "further certify[ies] that the information provided in

this application and the information provided in all supporting documents and

forms is true and accurate in all material respects."

29.     Finally, Defendant certifies that it "understand[s] that knowingly

making a false statement to obtain a guaranteed loan from SBA is punishable under

the law, including under 18 USC 1001 and 3571 by imprisonment of not more than

five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of

not more than two years and/or a fine of not more than $5,000; and, if submitted to

a federally insured institution, under 18 USC 1014 by imprisonment of not more

than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

30.    Defendant is a county-level governmental entity that runs a

community college system. It was thus not eligible to receive PPP funds.

31.    Title I, Section 1102(a)(i)(D)(i) of the CARES Act indicates that

borrowers must comply with certain eligibility requirements. The associated Code

of Federal Regulations further adds that "government-owned entities" are

ineligible to receive SBA loans, which would include PPP loans. *See*, 13 CFR

120.110(j).

32.    Defendant's website describes the governmental nature of Defendant

– it is governed by an elected board and operated with public funding.

33.    Further, Defendant is not listed as an entity on the Arizona Division of

Corporations website (as a corporation, non-profit, 501(c)(3), etc.).

34.    Also, only an eligible recipient is able to receive forgiveness of

indebtedness of a PPP loan. Section 1106(b) of the CARES Act.

35.    Upon information and belief, Defendant retained its PPP funds and

has not repaid them.

36.     Relator reserves the right to amend this Complaint and expand these allegations upon review of the actual applications and supporting documentation submitted by Defendant.

<h3 style="text-align:center">False Claims Act</h3>

<h3 style="text-align:center">31 U.S.C. § 3729(a)(1)(A)-(B)</h3>

37.     Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

38.     This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq*., as amended.

39.     By virtue of the acts described above, Defendant knowingly presented, or caused to be presented, false or fraudulent claims to the United States Government, or authorized agent of the United States Government, for payment or approval.

40.     By virtue of the acts described above, Defendant knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

41.     Relator cannot at this time identify all of the false claims for payment that were caused by Defendant's conduct. The false claims were presented to third-party lending institutions. Relator does not have access to the records of all such false or fraudulent statements or claims.

42.     Lenders, acting on behalf of the Federal Government, were guaranteed 100% of the PPP loans from the Federal Government. Said lenders were unaware of the falsity of the records, statements, and claims made or caused to be made by Defendant. Said lenders paid the claims that would not be paid but for Defendant's illegal conduct.

43.     By reason of Defendant's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

44.     Additionally, the United States is entitled to a maximum penalty for each and every violation arising from Defendant's unlawful conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against Defendant as follows:

1.  That this Court enter judgment against Defendant in an amount equal to three times the damages the United Sates has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

2.  That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

3. That Relator be awarded all costs of this action, including attorney's fees and expenses; and

4. That Relator recover such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: 8/31/2023                Respectfully submitted,

J. Bryan Quesenberry
Plaintiff/Relator